UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY JEROME WOMACK,

Plaintiff,

v.

DAVID BAUGHMAN, et al.,

Defendants.

No. 17-cv-2708 TLN KJN P

ORDER

Plaintiff is a state prisoner, proceeding pro se, and is now housed at Kern Valley State Prison. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is plaintiff's motion to proceed in forma pauperis.

The Prison Litigation Reform Act of 1995 ("PLRA") permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute makes clear that a prisoner is precluded

1

from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). "[Section] 1915(g) should be used to deny a prisoner's [in forma pauperis] status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

While incarcerated, plaintiff has previously been found to have filed, on at least three prior occasions, actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Womack v. Swingle, No. 2:17-cv-0829 JAM AC P (E.D. Cal.); Womack v. Sullivan, 2:14-cv-0085 WBS EFB P (E.D. Cal.).[1] In appeals filed in both cases, the Ninth Circuit held that the district courts correctly determined plaintiff had filed at least three actions dismissed as frivolous or for failure to state a claim. Womack v. Swingle, 749 F. App'x 581 (Mem) (9th Cir. 2019); Womack v. Sullivan, 594 F. App'x 402 (9th Cir. 2015).

Therefore, plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This

---

[1] The district court relied on the following cases filed by plaintiff: Womack v. Contra Costa County, No. C 04-3043 MMC, 2004 U.S. Dist. LEXIS 21975 (N.D. Cal. Oct. 13, 2004) (identifying (1) Womack v. Superior Court, 99-2470 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal) and (2) Womack v. Daley, 99-2469 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal) as among the 42 U.S.C. § 1983 actions filed by plaintiff, which "were dismissed on the grounds that such actions were frivolous, malicious, or failed to state a claim upon which relief may be granted" and declaring plaintiff a three-strike litigant); Womack v. Donahoo, No. 2:12-cv-3110-WBS-EFB (E.D. Cal. Sept. 13, 2013) (order of dismissal for failure to state a claim)." Womack v. Sullivan, 2014 WL 11774841, at *1 (E.D. Cal. Jan. 30, 2014), report and recommendation adopted, 2014 WL 11774842 (E.D. Cal. Feb. 25, 2014), aff'd, 594 F. App'x 402 (9th Cir. 2015). Plaintiff was declared to be a three-strikes litigant in Womack, No. C 04-3043 MMC.

"exception applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing" the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (2007) (internal quotation marks omitted). "Imminent" refers both to "events that are already taking place . . . [and] those events [that are] 'ready to take place' or 'hanging threateningly over one's head.'" Id. at 1056 (citations omitted). To meet his burden under § 1915(g) to adequately allege "imminent danger of serious physical injury," plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

In his original complaint, plaintiff cites the "Imminent Danger Exception" in the title of his pleading, and requests that his complaint be processed under such exception. (ECF No. 1 at 1, 5.) Plaintiff alleges that while participating in the EOP[2] program at California State Prison, Sacramento ("CSP-SAC"), plaintiff reported to defendant psychologist Marquez that plaintiff had filed numerous appeals complaining that staff at CSP-SAC, HDSP, and Corcoran State Prison have all attempted to get plaintiff hurt by inmates. Defendant Marquez refused to document plaintiff's reports, so plaintiff filed an appeal against Marquez for such refusal. Subsequently, Marquez came to plaintiff's cell with the appeal and told plaintiff that she and Correctional Officer Lee decided to remove plaintiff from the EOP program and return him to the mainline. Plaintiff objected that she and Lee were putting plaintiff's life in danger. Marquez returned the appeal to plaintiff and told him she was removing him from the program. Plaintiff filed another appeal in response. Plaintiff was subsequently sent to the mainline, and on October 30, 2017, while on the yard, plaintiff was attacked by four inmates. Plaintiff claims he was set up.

The allegations in plaintiff's original complaint are too vague and attenuated to demonstrate plaintiff was at risk of imminent harm at the time he filed the instant action. "Vague

---

[2] CDCR's Mental Health Services Delivery System Program Guide provides four levels of mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff fails to allege sufficient facts to demonstrate he was facing imminent danger at the time of filing, and the connection between Marquez' alleged retaliation to the subsequent inmate attack is unclear. Although plaintiff claims he was "set up," he fails to identify by whom, or to provide any additional facts in support. The undersigned finds plaintiff fails to demonstrate he was facing imminent harm at the time he filed his original complaint.

On February 23, 2018, plaintiff filed an amended complaint as a matter of course. Fed. R. Civ. P. 15(a). Plaintiff sets forth his experiences at prisons prior to his transfer to CSP-SAC in 2017, and reiterates his original claims against Marquez, and elaborates that Marquez told plaintiff that she understands his safety concerns are connected to his being in the EOP program. (ECF No. 9 at 11.) Plaintiff was rehoused on the mainline on January 3, 2017. (ECF No. 9 at 11-12.) Initially, plaintiff refused to leave his cell.

In 2017, plaintiff was assigned to work in the Building 2 dining hall, which plaintiff argues was to set plaintiff up for an inmate attack because plaintiff was the only inmate from Northern California; the other seven inmates assigned to work there were all "gangbangers from southern California," who "started disrespecting and threatening plaintiff." (ECF No. 9 at 13.) On several occasions, plaintiff informed the dining hall supervisor, Correctional Officer N. West,[3] that plaintiff was being set up to be attacked by gangbangers. On September 28, 2017, West referred plaintiff to mental health stating "[p]laintiff exhibits bizarre behavior, that inmate feels a sense of victimization." (ECF No. 9 at 14.) Plaintiff requested a job change, which was granted, but West withdrew the change application because West said plaintiff was the best worker. Following several occasions where plaintiff refused to report to work because of his safety concerns, and West insisted plaintiff return to work and threatened to write a disciplinary if he did

---
[3] West is not named as a defendant.

4

not, plaintiff reported back to work at the dining hall. About 25 days later, plaintiff was attacked on C-yard by four gangbangers, apparently around October 30, 2017.[4]

Plaintiff contends that the inmate attack was the result of retaliation, an alleged pattern of continuous retaliation initially starting at CSP-SAC in the year 2010, and continuing through his housing at High Desert State Prison 2014, and at Corcoran State Prison in 2015. Plaintiff points out that he warned defendants at CSP-SAC that if he was rehoused on the Level 4 mainline he would be attacked. (ECF No. 9 at 15.) He argues that his safety concerns about correctional officers "continuous actions of setting plaintiff up to be attacked by inmates" still has not been addressed, and he "is still in imminent danger until correctional staff and mental health staff honestly address this retaliation issue." (ECF No. 9 at 15.)

Plaintiff's amended complaint fails to specifically identify the imminent danger he faced at the time he filed this action. Initially he contended that just being housed on the mainline posed a safety risk, but plaintiff was transferred to the mainline on January 3, 2017, and was safely housed there until on or about October 30, 2017. Importantly, plaintiff now seems to assign the risk of danger to his working in the dining hall, yet he does not connect such assignment to any of the named defendants, and he fails to explain whether he was still working at the dining hall following the October 30, 2017 attack. He provides no additional facts demonstrating he remains in danger following the attack. Despite plaintiff's conclusory effort to assert a retaliatory connection among events at three different prisons from 2010 to the present, he fails to allege facts demonstrating a pattern of misconduct evidencing the likelihood of imminent serious physical injury existed at the time he filed this action. Plaintiff's retaliation claims are directed at asserted wrongs too attenuated from the alleged danger of working in the dining hall. Plaintiff fails to explain why he is in imminent danger, from whom, and to support such allegations with facts that would cause this court to believe plaintiff was actually in imminent danger when he filed the original complaint, or when he filed his amended complaint.

---

[4] Plaintiff was seen by Sandra Davis, a mental health social worker, on October 5, 2017. (ECF No. 9 at 14.) Under the mailbox rule, plaintiff filed the original complaint on November 7, 2017. (ECF No. 1 at 6.)

5

| | |
|---|---|
| 1 | Plaintiff's speculation that he was in danger is insufficient. Because plaintiff has not alleged facts |
| 2 | sufficient to draw an inference that he was under imminent danger of physical harm at the time he |
| 3 | commenced this lawsuit, or at the time he filed his amended complaint, plaintiff must submit the |
| 4 | appropriate filing fee in order to proceed with this action. |
| 5 | In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, |
| 6 | within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to |
| 7 | comply with this order will result in a recommendation that this action be dismissed. |
| 8 | Dated: April 18, 2019 |

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/woma2708.1915g