UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 2:17-cv-2708 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| DAVID BAUGHMAN, et al., | |
| Defendants. | |

On June 24, 2019, the undersigned recommended that plaintiff's motions for preliminary injunctive relief be denied. On July 19, 2019, plaintiff was granted a thirty-day extension of time in which to file objections. On August 5, 2019, plaintiff filed a motion to withdraw both motions for preliminary injunctive relief. Plaintiff states that he agrees with the findings and plaintiff's motions were prematurely filed, and asks that "both motions be expunged from all court records." (ECF No. 19 at 2.) Good cause appearing, plaintiff's request to withdraw his motions is granted, and the Clerk of the Court is directed to strike both motions. Because plaintiff's request to expunge or strike the motions for injunctive relief is granted, the findings and recommendations are vacated.

Plaintiff also asks that his "objections to the findings and recommendations" be stayed pending the court's ruling on whether he has demonstrated an imminent danger exception under

////

28 U.S.C. § 1915(g).  (ECF No. 19 at 2.)  He relies on the stay and abeyance procedure set forth in <u>Rhines v. Weber</u>, 544 U.S. 269, 276 (2006).  (ECF No. 19 at 2.)

However, plaintiff's reliance on <u>Rhines</u> is unavailing because the instant action is a civil rights action brought under 42 U.S.C. § 1983, not a habeas corpus action.  <u>Rhines</u> governs petitions for writs of habeas corpus under 28 U.S.C. § 2254, and if the prisoner qualifies for such a stay, the prisoner is allowed to return to state court to pursue his state court remedies by filing petitions for habeas corpus relief in state court.  In civil rights cases, prisoners must exhaust their administrative remedies provided at the prison.  Moreover, plaintiff has not filed objections to the findings and recommendations, so it is unclear to what document plaintiff refers.  The undersigned finds no basis for the stay requested by plaintiff.

Finally, plaintiff asks the court to rule on his "motion for imminent danger exception," which he would mail on July 31, 2019.  (ECF No. 19 at 2.)  On August 5, 2019, plaintiff filed a document styled, "Motion for Imminent Danger Exception. . . . "  (ECF No. 20.)  However, on April 18, 2019, the undersigned found that plaintiff had failed to demonstrate he was at risk of imminent harm at the time he filed the instant action.  (ECF No. 11 at 3.)  Plaintiff's motion for reconsideration of that order (ECF No. 12) is presently pending before the district court.  Thus, plaintiff's motion for imminent danger exception is duplicative and was inappropriately filed.  Plaintiff may not simply continue to file motions seeking the same relief once the court has ruled.  Rather, he must wait for the district court to rule on the pending request for reconsideration.  Plaintiff is advised that "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters."  <u>Cortez v. City of Porterville</u>, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).  Plaintiff shall refrain from filing anything further in this action until after the district court rules on the pending motion for reconsideration.

The record reflects that plaintiff has filed eight motions since May 1, 2019.  Plaintiff is hereby formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action.  <u>DeLong v. Hennessey</u>, 912 F.2d 1144 (9th Cir. 1990); see also <u>Tripati v. Beaman</u>, 878 F2d 351,

352 (10th Cir. 1989). Plaintiff is cautioned that this court views the number of recent motions as excessive and that consideration will be given to restricted court access if plaintiff does not exercise appropriate restraint henceforth.

Finally, on August 5, 2019, plaintiff filed a document styled, "Request for Clarity," in which he complains the court was not clear which three cases constituted strikes under 28 U.S.C. § 1915(g). (ECF No. 21.) However, as a pro se litigant, plaintiff is responsible for keeping records of the cases he has filed with the court. Moreover, in this court's April 18, 2019 order, the court reiterated the cases that prior courts have cited to find plaintiff has sustained three strikes under § 1915(g). (ECF No. 11 at 2 & n.1.) Numerous courts, including the Court of Appeals for the Ninth Circuit, have found that plaintiff has sustained at least three strikes. Plaintiff's request is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to withdraw (ECF No. 19) his motions for preliminary injunction is granted;

2. The Clerk of the Court is directed to strike plaintiff's motions for preliminary injunction (ECF Nos. 14 & 15);

3. The June 24, 2019 findings and recommendations (ECF No. 16) are vacated;

4. Plaintiff's motion to stay (ECF No. 19) is denied without prejudice;

5. Plaintiff's motion for imminent danger exception (ECF No. 20) is denied as duplicative; and

6. Plaintiff's request for clarity (ECF No. 21) is denied.

Dated: August 21, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/woma2708.wd+